UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL W. OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00776-JMS-DKL |
| | ) | |
| ROBERT J. DOWNEY, *in his individual* | ) | |
| *capacity,* | ) | |
| BRIAN K. GABEHART, *in his individual* | ) | |
| *capacity,* | ) | |
| MORGAN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| NORMAN VOYLES, *in his official* | ) | |
| *capacity,* | ) | |
| MORGAN COUNTY, INDIANA, | ) | |
| CHARLES E. BEAVER, | ) | |
| SHELLY  BEAVER, | ) | |
| CHARLES W. BEAVER, *and* | ) | |
| BRIEANNA  BEAVER, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ENTRY ON DEFENDANTS' MOTIONS TO DISMISS</u>

Presently pending before the Court are: (1) a Motion to Dismiss filed by Defendants Sheriff

Robert J. Downey ("<u>Sheriff Downey</u>"), in his individual capacity, Deputy Brian K. Gabehart

("<u>Deputy Gabehart</u>"), in his individual capacity, and the Morgan County Sheriff's Department

(collectively the "<u>Morgan County Defendants</u>"),[1] [Filing No. 37]; and (2) a Motion to Dismiss

filed by Defendants Charles E. Beaver ("<u>Charlie</u>"), Shelly Beaver, Charles W. Beaver ("<u>Chuck</u>"),

and Brieanna Beaver (collectively the "<u>Beaver Defendants</u>"), [Filing No. 42].  For simplicity, at

---

[1] The Morgan County Defendants' brief includes Norman Voyles and Morgan County as moving defendants. [Filing No. 37 at 1.] Although Mr. Owens included both defendants in the caption of the Amended Complaint, he clarifies in his response that he no longer intends to keep them as defendants. [Filing No. 45 at 1.]  The claims against them are therefore dismissed.

1

times the Court will refer to the moving parties collectively as "Defendants" for purposes of this motion.  For the reasons detailed herein, the Court **GRANTS** in part and **DENIES** in part Defendants' Motions to Dismiss.

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff.  *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).  The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief.  *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).  This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The factual allegations in Mr. Owens' Amended Complaint, which the Court must accept as true, are as follows.

Mr. Owens alleges that the Beaver Defendants conspired with the Morgan County Defendants to wrongfully prosecute him for trespassing the property line located between the Beaver Defendants' property and Mr. Owens' property (the "Disputed Property"). [Filing No. 33 at 5.] Charlie is married to Shelly and Charlie's son, Chuck, is married to Brieanna. [Filing No. 33 at 2.] Charlie previously served as the Sheriff of the Morgan County Sheriff's Department for three years, and continues to have strong political connections in Morgan County. [Filing No. 33 at 4.] Charlie has known Sheriff Downey for most of his life. [Filing No. 33 at 3-4.] When Charlie was Sheriff, he hired Sheriff Downey to work at the Morgan County Sheriff's Department and subsequently endorsed Sheriff Downey's campaign for Sheriff of Morgan County. [Filing No. 33 at 4.] Shelly has also worked at the Morgan County Sheriff's Department for many years. [Filing No. 33 at 4.] Mr. Owens claims that the Beaver Defendants treat him as an outsider of the Morgan County "good ole boys" network. [Filing No. 33 at 4.]

Mr. Owens purchased his house in Morgan County in 2006 and additional acreage in 2009. [Filing No. 33 at 3.] His property is located next the Beaver Defendants' property.[2] [Filing No. 33 at 4.] In prior years before Mr. Owens purchased the property, several surveyors performed surveys of the properties, and the surveys indicated gaps in the deed descriptions and uncertainties in the lines of occupation around the Disputed Property. [Filing No. 33 at 10.]

Mr. Owens makes several allegations of harassment by the Beaver Defendants. [Filing No. 33 at 4.] Upon moving in, Mr. Owens made improvements on his property to operate a septic business and a horse training and breeding business. [Filing No. 33 at 5.] In the fall of 2008, the Beaver Defendants notified the Morgan County Planning Department ("Planning Department") of

---

[2] Mr. Owens does not clarify which of the Beaver Defendants owns the property next to his property, and simply refers to "the Beavers" when discussing the properly line dispute.

Mr. Owens' improvements. [Filing No. 33 at 5.] When Mr. Owens was notified of the complaint, he filed a variance application with the Planning Department, attended a subsequent hearing, and was granted the variance. [Filing No. 33 at 5.] Subsequently, Charlie and Chuck filed an affidavit falsely accusing Mr. Owens of using underground storage tanks on his property, but the Indiana Department of Environmental Management found no evidence of illegal use. [Filing No. 33 at 6.] The Beaver Defendants then contacted the trustee of Jackson Civil Township of Morgan County to have him speak with Mr. Owens about establishing an easement for a tornado siren on his property. [Filing No. 33 at 6.] Mr. Owens expressed concern due to his horse business, but agreed to the installation after the trustee reassured Mr. Owens that the siren would not affect the horses. [Filing No. 33 at 6.]

During the installation of the siren in 2009, a surveyor commissioned by the trustee wrote the legal descriptions for an access easement, utility easement, and location easement. [Filing No. 33 at 8.] The surveyor omitted uncertainties regarding the reference monuments of record, the title documents of record, and the lines of active occupation, and the Beaver Defendants directed the surveyor to move the boundary line to gain title over a property adjoining Mr. Owens' property. [Filing No. 33 at 8-10.] After the survey work was completed, the Beaver Defendants sent Mr. Owens a "Consent to Encroach" document, which purported to show that the gravel drive located on Mr. Owens' property was partly Mr. Owens' property and partly the Beaver Defendants' property. [Filing No. 33 at 10.] Mr. Owens refused to sign the Consent to Encroach document, and the Beaver Defendants sent him a letter threatening to erect a fence on the gravel drive. [Filing No. 33 at 10.] Mr. Owens' counsel sent a letter to the Beaver Defendants, acknowledging the property line dispute and requesting an amicable solution. [Filing No. 33 at 10.]

After the installation of the siren, the Morgan County Sheriff's Department triggered the siren many times, which caused Mr. Owens' horse business to shut down because of the significant impact on his horses.  [Filing No. 33 at 7.]  Mr. Owens filed a lawsuit against the trustee and a hearing was held in June 2013, where Charlie and Chuck testified in favor of the trustee.  [Filing No. 33 at 7-8.]  The trial court entered judgment in favor of Mr. Owens and ordered the trustee to relocate the siren.  [Filing No. 33 at 8.]

Prior to the June 2013 trial related the tornado siren, Charlie and Shelly contacted Sheriff Downey at his home and accused Mr. Owens of trespass when he mowed the grass on the Disputed Property.  [Filing No. 33 at 11-12.]  Charlie and Sheriff Downey agreed to confront Mr. Owens and both of them went to Mr. Owens' home on May 16, 2013.  [Filing No. 33 at 12.]  Sheriff Downey accused Mr. Owens of trespassing on Charlie's property and threatened to arrest him if he trespassed again.  [Filing No. 33 at 12-13.]  Mr. Owens told Sheriff Downey that there was a property line dispute and that he owned the Disputed Property through adverse possession.  [Filing No. 33 at 13.]  However, Sheriff Downey threatened to arrest Mr. Owens if Mr. Owens disobeyed his orders.  [Filing No. 33 at 13.]

On May 18, 2013, Shelly called Sheriff Downey at his home to tell him that Brieanna saw Mr. Owens mowing the Disputed Property.  [Filing No. 33 at 13.]  Brieanna gave an unsigned, written statement to Shelly, who delivered it to Sheriff Downey.  [Filing No. 33 at 13.]  On May 30, 2013, Mr. Owens' attorney sent a letter to Sheriff Downey to inform him about the property line dispute between the Beaver Defendants and Mr. Owens.  [Filing No. 33 at 14.]  Sheriff Downey prepared a probable cause affidavit based on Brieanna's written statement and the Morgan County Prosecutor's Office charged Mr. Owens with two counts of criminal trespass. [Filing No. 33 at 15.]  Thereafter, Deputy Gabehart received a written statement from Chuck accusing Mr.

Owens of mowing the Disputed Property.  [Filing No. 33 at 16.]  Based on that written statement and a conversation he had with Charlie, Deputy Gabehart drafted a probable cause affidavit and the Morgan County Prosecutor's Office charged Mr. Owens with an additional count of criminal trespass and one count of criminal mischief.  [Filing No. 33 at 16.]  These charges were filed two weeks prior to the tornado siren trial.  [Filing No. 33 at 16.]  Additionally, Mr. Owens was arrested[3] and while on bond and during the pendency of his prosecution, he was deprived of using his driveway without the Beaver Defendants' permission and with threat of incarceration due to the proximity to the Disputed Property.  [Filing No. 33 at 18.]  In the three months leading up to Mr. Owens' criminal trial, Mr. Owens alleges that he was pulled over twenty-six times by deputies from the Morgan County Sheriff's Department and troopers from the Indiana State Police as a form of intimidation.  [Filing No. 33 at 20-21.]  Mr. Owens' criminal trial was held on October 7, 2013, and the jury returned a verdict of not guilty on October 8, 2013, fully acquitting Mr. Owens of all charges.  [Filing No. 33 at 21.]  On January 14, 2015, Mr. Owens provided a tort claim notice to the Morgan County Sheriff's Department, Sheriff Downey, Deputy Gabehart, and the Beaver Defendants.  [Filing No. 33 at 21.]

Mr. Owens' Amended Complaint asserts a 42 U.S.C. § 1983 claim for malicious prosecution in violation of the Fourth and Fourteenth Amendments against the Morgan County Defendants, a civil conspiracy claim[4] against all Defendants, and state law claims for intentional

---

[3] Mr. Owens does not discuss any details of his arrest, such as when or by whom he was arrested.

[4] Mr. Owens does not raise the civil conspiracy claim as a separate count in the Amended Complaint.  The Amended Complaint contains allegations, however, that allude to a civil conspiracy between the Defendants.  Additionally, the Morgan County Defendants and the Beaver Defendants challenge Mr. Owens' civil conspiracy claim in their briefs.

infliction of emotional distress, malicious prosecution, false arrest, and abuse of process against all Defendants.  [Filing No. 33 at 23-29.]

### III.
### DISCUSSION

The Morgan County Defendants and the Beaver Defendants filed two separate motions to dismiss Mr. Owens' Amended Complaint, challenging Mr. Owens' claims on various grounds. The Court notes, however, that the parties' briefs complicated the Court's review of the issues. The Court faced difficulty addressing the issues that the parties raised because the issues were not aligned in their briefs, and many arguments regarding Mr. Owens' constitutional violations were not sufficiently specific to each defendant.  At times, the parties did not cite authority to support their arguments and presented inapplicable legal arguments or omitted material language from case law.  The Court will address each issue to the extent possible and any arguments the parties intend to raise that the Court did not address are considered waived for purposes of the pending motion. *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 (7th Cir. 2004) ("We have repeatedly made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).").

The Court will first address the arguments raised by the Morgan County Defendants and then the arguments raised by Beaver Defendants.

### A. Morgan County Defendants

The Morgan County Defendants first dispute Mr. Owens' § 1983 claim for federal malicious prosecution on various grounds.  Second, the Morgan County Defendants argue that Mr. Owens does not plead a conspiracy claim.  Third, the Morgan County Defendants challenge Mr. Owens' state law claims, arguing that he failed to provide timely notice and that they are barred by the Indiana Tort Claims Act ("ITCA").  The Court will address the issues in turn.

*1.  § 1983 Claim for Malicious Prosecution*

Because the Morgan County Defendants challenge the elements and constitutional grounds of Mr. Owens' federal malicious prosecution claim, the Court will first lay out the relevant legal principles.

"Federal courts are rarely the appropriate forum for malicious prosecution claims." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014). This is because "individuals do not have a 'federal right not to be summoned into court and prosecuted without probable cause.'" *Id.* In order to state a viable malicious prosecution claim under § 1983, a plaintiff must "alleg[e] a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Id.* Further, a federal constitutional claim of malicious prosecution under § 1983 is actionable when no adequate state-law remedy exists. *Newsome v. McCabe,* 256 F.3d 747, 750-51 (7th Cir. 2001) (citing *Albright v. Oliver,* 510 U.S. 266 (1994)). In Indiana, state officers and employees acting within the scope of their employment for the "initiation of a judicial or an administrative proceeding" are granted absolute immunity, thus opening the door for federal malicious prosecution claims. *Julian v. Hanna,* 732 F.3d 842, 846-848 (7th Cir. 2013) (citing Ind. Code § 34–13–3–3(6)).

To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty or was subject to some other constitutional deprivation. *Welton*, 770 F.3d at 674 (citations omitted). Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action

was terminated in the plaintiff's favor." *Id.* (citing *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009)).  Malice may be shown "by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Welton*, 770 F.3d at 674.

a. Probable Cause

The Morgan County Defendants argue that the facts as pleaded negate the probable cause element of the state law cause of action for malicious prosecution.  They argue that Sheriff Downey and Deputy Gabehart each had probable cause to believe that Mr. Owens trespassed the Disputed Property.  [Filing No. 37 at 16.]  They argue that Charlie claimed legal title to the Disputed Property, and that Brieanna stated that Mr. Owens mowed the Disputed Property despite being denied entry.  [Filing No. 37 at 15-16.]  The Morgan County Defendants argue that Mr. Owens does not deny mowing the Disputed Property and that there is no reason to question or disregard Charlie's and Brieanna's statements.  [Filing No. 37 at 16.]  The Morgan County Defendants cite to *Kelley v. Myler*, 149 F.3d 641 (7th Cir. 1998), and *Bozdin v. City of Dallas*, 768 F.2d 722 (5th Cir. 1985), to argue that officers are not required to check official records to determine the boundary lines before making an arrest for trespass.  [Filing No. 37 at 17-18.]  They claim that since Mr. Owens asserts ownership through adverse possession, such records would not exist. [Filing No. 37 at 18.]

In response, Mr. Owens argues that the Morgan County Defendants did not have probable cause to pursue criminal charges of trespass against Mr. Owens.  [Filing No. 45 at 5.]  He argues that the Morgan County Defendants were aware of the Beaver Defendants' grudge against Mr. Owens.  [Filing No. 45 at 5.]  Mr. Owens claims that his attorney sent a letter to Sheriff Downey to inform him about the property line dispute between the Beaver Defendants and Mr. Owens.

[Filing No. 45 at 5.]   Additionally, he argues that Brieanna's unsigned, written statement alone was insufficient to establish probable cause and that Sheriff Downey neither spoke to Brieanna nor observed Mr. Owens trespass the disputed property.   [Filing No. 45 at 6.]   He contends that he sufficiently alleges that probable cause was induced by false testimony, fraud, and other improper means.   [Filing No. 45 at 7.]   Lastly, he argues that *Kelley* and *Bodzin* are inapposite because the plaintiffs in both cases did not claim ownership of the property that they trespassed, and the police had no reason to doubt that private establishments owned the property in question.   [Filing No. 45 at 7.]

In reply, the Morgan County Defendants reiterate that there was probable cause to think Mr. Owens committed trespass and that there is nothing suspicious about Brieanna's statement to Sheriff Downey.   [Filing No. 46 at 7-8.]   They argue that the only grudge that Sheriff Downey was aware of is that the Beaver Defendants believed they were the victims of a crime.   [Filing No. 46 at 8.]   Due to the timing of Mr. Owens' letter to Sheriff Downey, the Morgan County Defendants claim it is unlikely that Sheriff Downey reviewed the letter or that Deputy Gabehart had access to it.   [Filing No. 46 at 8-9.]   The Morgan County Defendants argue that *Kelley* and *Bozdin* are relevant because the police officers in both cases had probable cause to arrest the plaintiffs without an obligation to review official records to determine the property boundary lines.   [Filing No. 46 at 9-10.]

 "Probable cause to commence criminal proceedings" in the context of malicious prosecution exists when a reasonable inquiry would induce a reasonably intelligent and prudent person to believe that the accused committed the crime charged. *Glass v. Trump Indiana, Inc.*, 802 N.E.2d 461, 466-67 (Ind. Ct. App. 2004) (citing *Conwell v. Beatty*, 667 N.E.2d 768, 778-79 (Ind. Ct. App. 1996). Indiana courts have held that a judicial determination of probable cause in a

criminal proceeding constitutes prima facie evidence of probable cause in a subsequent civil lawsuit alleging malicious prosecution.  *Glass*, 802 N.E.2d at 467; *Conwell*, 667 N.E.2d at 778. The plaintiff may rebut such a prima facie case of probable cause by introducing evidence that shows the finding of probable cause was induced by false testimony, fraud, or other improper means such as the defendant withholding material facts at the hearing.  *Glass*, 802 N.E.2d at 467.

The Court concludes that Mr. Owens sufficiently alleges that Sheriff Downey and Deputy Gabehart lacked probable cause to pursue criminal charges of trespass.  Mr. Owens' Amended Complaint provides a detailed narrative of the Beaver Defendants' history of animosity toward Mr. Owens.  Additionally, the Beaver Defendants, particularly Charlie, had a close relationship with Sheriff Downey and Charlie contacted Sheriff Downey to accuse Mr. Owens of trespass. Further, Charlie and Sheriff Downey personally visited Mr. Owens to confront him about Mr. Owens trespassing on the Disputed Property.  In regards to Sheriff Downey's probable cause affidavit, Sheriff Downey relied on the unsigned, written statement from Brieanna.  Likewise, Deputy Gabehart, who works under the direction of Sheriff Downey, relied on Chuck's written statement and Charlie's testimony that Mr. Owens trespassed the Disputed Property.  Lastly, Mr. Owens' attorney sent Sheriff Downey a letter that put him on notice about the property line dispute. These allegations, particularly when coupled with the allegations of cronyism, sufficiently claim that Sheriff Downey and Deputy Gabehart lacked probable cause.

Moreover, the Court points out that the Morgan County Defendants omitted a relevant portion of the language from the rule in *Phillips v. Allen*, 668 F.3d 912, 915 (7th Cir. 2012), when they argue that the identification from a single eyewitness is generally enough to establish probable cause for an arrest.  As Mr. Owens points out in his response, *Phillips* actually states that "[i]dentification of a single eyewitness *who lacks an apparent grudge against the accused person*

supplies probable cause for an arrest."[5]  *Phillips*, 668 F.3d at 915 (emphasis added).  The Court reminds the Morgan County Defendants' attorney that an attorney has an ethical duty not to file briefs advancing arguments that rely upon mischaracterizations of the law.  This mischaracterization greatly undermines the attorney's credibility and the argument's merit.  Thus, moving forward, the Court will carefully construe the Morgan County Defendants' citations to assure that the attorney's ethical obligations are met.

### b. State Law Elements of Malicious Prosecution

The Court concludes that Mr. Owens pleads sufficient allegations to set forth a state law cause of action for malicious prosecution.  Although the Morgan County Defendants do not challenge the other elements of a state law malicious prosecution claim, the Court will nonetheless address Mr. Owens' allegations in accordance to each element.

As stated above, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor."  *Welton*, 770 F.3d at 674 (citing *Buckland*, 557 F.3d at 462).  Malice may be shown "by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances."  *Welton*, 770 F.3d at 674.

First, Mr. Owens sufficiently alleges that Sheriff Downey and Deputy Gabehart caused to be instituted an action against Mr. Owens.  Both officers investigated the trespass incidents and drafted the probable cause affidavits, which were the basis of the criminal charges against Mr.

---

[5] Ultimately, *Phillips* has no bearing in this case because Mr. Owens does not dispute whether there was probable cause to make an arrest, but whether there was probable cause to pursue criminal charges against him.

Owens.  Second, Mr. Owens sufficiently alleges the requisite malice.  He alleges that the Beaver Defendants conspired with Sheriff Downey to pursue criminal charges, that Sheriff Downey and Deputy Gabehart lacked probable cause, and that they both failed to conduct an adequate investigation.  Third, as addressed above, Mr. Owens sufficiently alleges that both officers lacked probable cause when pursuing criminal charges against Mr. Owens.  Lastly, the criminal proceedings ended in Mr. Owens' favor because he was acquitted of all charges at the criminal trial.

### c. Fourth Amendment Violation

The Morgan County Defendants present two challenges to Mr. Owens' Fourth Amendment claim for federal malicious prosecution.  First, they challenge Mr. Owens' claim that Mr. Owens was deprived of his property from the state court's order imposing restrictions on the use of his property because Mr. Owens had the opportunity to appear with counsel and present arguments at the hearing.  [Filing No. 37 at 9, 21.]  They allege that the court order restricting the use of property was a result of a continuing problem between the Beaver Defendants and Mr. Owens and that neither Sheriff Downey nor Deputy Gabehart were connected with that court order.  [Filing No. 37 at 10, 21.]  Second, the Morgan County Defendants argue that Mr. Owens' allegations of being pulled over twenty-six times does not rise to a Fourth Amendment violation.  They claim that Mr. Owens does not allege that Sheriff Downey or Deputy Gabehart were personally involved in the stops, and that the Morgan County Sheriff's Department has no control over the traffic stops from the Indiana State Police.  [Filing No. 37 at 20.]  Lastly, they argue that Mr. Owens fails to show that such conduct was an express department policy or a wide practice or custom.  [Filing No. 37 at 21.]

In response, Mr. Owens argues that his Fourth Amendment rights were violated because during the pendency of his criminal action, he was prohibited from entering and using his own driveway with the threat of incarceration. [Filing No. 45 at 13.] Mr. Owens claims that reasonable inferences can be drawn that either Sheriff Downey or Deputy Gabehart were aware of or involved in the twenty-six traffic stops. [Filing No. 45 at 12.] He argues that since Sheriff Downey is the chief executive and final decision maker of the Morgan County Sheriff's Department, there is a reasonable inference that he was aware of, directed, or condoned Mr. Owens' stops. [Filing No. 45 at 13.] Similarly, he argues that there is a reasonable inference that Deputy Gabehart was aware of or deliberately turned a blind eye to the twenty-six traffic stops. [Filing No. 45 at 13.]

In reply, the Morgan County Defendants argue that Mr. Owens' restrictions on the use of his property were imposed with due process and that Sheriff Downey and Deputy Gabehart were not involved in or aware of the proceeding involving the court order. [Filing No. 46 at 10-11.] They reiterate that Mr. Owens provides no facts that Sheriff Downey or Deputy Gabehart were directly involved in Mr. Owens' twenty-six traffic stops. [Filing No. 46 at 10.]

Although the Seventh Circuit has not specifically articulated what type of seizures constitute a Fourth Amendment violation in terms of a § 1983 claim for malicious prosecution, it has indicated that the Fourth Amendment protects against malicious prosecution, at least before arraignment. *See McCullah v. Gadert*, 344 F.3d 655 (7th Cir. 2003) (Discussing Seventh Circuit precedent dealing with malicious prosecution and stating that it is possible to state a § 1983 claim that relies on the Fourth Amendment); A*vila v. Pappas,* 591 F.3d 552, 553 (7th Cir. 2010) (Although "malicious prosecution does not violate the Constitution's due process clauses[,] [t]here might be a problem under the [F]ourth [A]mendment if a person is arrested without probable cause."). To make out a claim for an unreasonable seizure in violation of the Fourth Amendment,

14

the plaintiff must allege that the defendants' conduct constituted a seizure, and that the seizure was unreasonable. *See Bielanski v. Cnty. of Kane*, 550 F.3d 632, 637 (7th Cir. 2008); *Belcher v. Norton*, 497 F.3d 742, 747 (7th Cir. 2007). A seizure of a person is generally defined in terms of an intentional limitation of a person's freedom of movement. *Bielanski*, 550 F.3d at 637.

To the extent that the court order restricted Mr. Owens' use of his property, the Court finds that Mr. Owens sufficiently alleges a predicate Fourth Amendment violation. Although the language of the Fourth Amendment "suggest[s] that the core meaning of 'seizures' is arrests, or similar acts that impose an immediate physical restraint on a person," *Llovet v. City of Chicago*, 761 F.3d 759, 764 (7th Cir. 2014), at this stage of the litigation, the Court looks to whether Mr. Owens has satisfied the notice pleading standards of Rule 8 and if the facts that he presented would entitle him to relief under any applicable legal theory, *see McCullah*, 344 F.3d at 659. Thus, Mr. Owens sufficiently alleges a connection between the restraint on the use of his property and his criminal prosecution for trespass. The probable cause affidavits of Sheriff Downey and Deputy Gabehart triggered the criminal proceedings against Mr. Owens and, as a consequence, the state court imposed restrictions on the use of Mr. Owens' property through a court order. The Court is not making a decision on the ultimate merits of the case, but it merely concludes that Mr. Owens sufficiently alleges a constitutional violation for a federal malicious prosecution claim to proceed at this time.

The Court is not convinced, however, that Mr. Owens' twenty-six traffic stops constitute a predicate Fourth Amendment violation. In terms of his malicious prosecution, he fails to allege a connection between his twenty-six traffic stops and his criminal proceedings for trespass. First, Mr. Owens fails to provide any context regarding each of the traffic stops and does not allege whether he was placed under arrest or to what extent he was seized during each of the stops.

Second, Mr. Owens concedes that Sheriff Downey and Deputy Gabehart were not personally involved in all the twenty-six stops.  Instead, he alleges that law enforcement from the Morgan County Sheriff's Department and the Indiana State Police were involved in those stops.  Third, the assertion that Sheriff Downey was aware of or condoned the twenty-six stops is a conclusion not supported by any specific factual allegations.

### d. Fourteenth Amendment Violation

The Morgan County Defendants argue that Mr. Owens has not presented a predicate Fourteenth Amendment violation in connection with his federal malicious prosecution claim. They argue that since Mr. Owens posted bond after his arrest and was tried and acquitted of all the charges, he was not deprived of his liberty.  [Filing No. 37 at 9.]  They claim that Mr. Owens provides no allegations that Sheriff Downey and Deputy Gabehart knowingly made false statements in their probable cause affidavits.  [Filing No. 37 at 10.]  Moreover, the Morgan County Defendants claim that Mr. Owens does not make a proper claim under *Brady v. Maryland*, 373 U.S. 83 (1963), since Mr. Owens was acquitted of all the charges and cannot show that suppression of any exculpatory evidence prejudiced his defense.  [Filing No. 37 at 10-11.]  They further argue that there is no allegation that Sheriff Downey and Deputy Gabehart suppressed Mr. Griffin's survey work and that if Mr. Griffin was a state witness, the prosecutor would be liable for failure to produce such evidence.  [Filing No. 37 at 12.]  Regarding Mr. Owens' twenty-six traffic stops, the Morgan County Defendants argue that such incidents did not cause Mr. Owens to testify falsely and did not deprive him of a fair trial.  [Filing No. 37 at 13.]

In response, Mr. Owens argues that he sufficiently alleges an infringement of his procedural due process rights.  [Filing No. 45 at 10.]  Mr. Owens argues that the Morgan County Defendants withheld information or evidence necessary for a fair trial.  [Filing No. 45 at 10.]  He

claims that Sheriff Downey failed to disclose his knowledge of the personal animosity between the Beaver Defendants and Mr. Owens, and that Sheriff Downey based his probable cause affidavit entirely on Brieanna's unsigned, written statement. [Filing No. 45 at 10.] Additionally, he argues that the Morgan County Defendants departed from the department's policy when they did not refer the matter to a neutral third party. [Filing No. 45 at 10-11.] Lastly, Mr. Owens argues that being pulled over twenty-six times by deputies from the Morgan County Sheriff's Department immediately preceding the tornado siren trial was a pattern of witness intimidation and bullying. [Filing No. 45 at 10.]

In reply, the Morgan County Defendants argue that Mr. Owens does not respond to any of their *Brady* arguments. [Filing No. 46 at 3.] They claim that Mr. Owens provides no allegations that Sheriff Downey was aware of any animosity between the Beaver Defendants and Mr. Owens, and that in addition to Brieanna's written statement, Sheriff Downey had Shelly's statement regarding what Brieanna reported. [Filing No. 46 at 4.] They also claim that such conduct occurred prior to the arraignment and would not be part of the malicious prosecution claim. [Filing No. 46 at 3-4.] The Morgan County Defendants argue that Mr. Owens does not allege the existence of a policy that required the Morgan County Sheriff's Department to refer the investigation of his case to the state police and that even if such policy existed, it would not violate the Constitution. [Filing No. 46 at 5.]

"[C]ourts have recognized that the harm caused by malicious prosecutions may implicate liberty and property interests, as contemplated by the Due Process Clause." *See Serino v. Hensley*, 735 F.3d 588, 594-95 (7th Cir. 2013). "[W]hen brought under federal law, the claim referred to colloquially and under state common law as 'malicious prosecution' is typically based on the deprivation of liberty without due process of law, in violation of the Fourteenth Amendment."

17

*Freeman v. City of Crown Point*, 2014 WL 545511, at *6 (N.D. Ind. Feb. 11, 2014) (citing 3 U.S. Const. amend. XIV, § 1); *see Julian*, 732 F.3d at 845 (7th Cir. 2013).

The Court finds that Mr. Owens' allegations that Sheriff Downey and Deputy Gabehart withheld exculpatory evidence sufficiently alleges a procedural due process violation. The Morgan County Defendants' *Brady* argument that Mr. Owens was not prejudiced by any suppressed exculpatory information because he was successful in his criminal trial is irrelevant. The Court's duty at this stage of the proceedings is to determine if Mr. Owens presented a claim for relief and not to make a determination of that claim on the merits. Moreover, contrary to the Morgan County Defendants' arguments, Mr. Owens sufficiently alleges that Sheriff Downey and Deputy Gabehart knowingly withheld material evidence from the prosecutor. For instance, Mr. Owens alleges that Sheriff Downey had a close relationship with the Beaver Defendants, that Sheriff Downey and Deputy Gabehart were aware of the animosity between the Beaver Defendants and Mr. Owens, and that both officers intentionally concealed that information in their probable cause affidavits. Additionally, Mr. Owens alleges that Sheriff Downey received a letter from Mr. Owens' attorney regarding the properly line dispute. Such factual allegations are sufficient to state a constitutional violation for malicious prosecution. *See Reed v. City of Chicago*, 77 F.3d 1049 (7th Cir. 1996) (The Court held that the plaintiff failed to allege that the detectives gave perjured testimony at the hearings, falsified evidence, or withheld exculpatory information after his arrest, indicating that such allegations could state a claim for malicious prosecution); *Serino*, 735 F.3d at 588 (The plaintiff failed to allege that the chief of police's statements were knowingly false, that he withheld exculpatory evidence from the prosecutor, or that he took steps to wrongfully further a baseless prosecution).

The Court, however, dismisses the rest of Mr. Owens' allegations against the Morgan County Defendants. Although Mr. Owens does not allege that he was deprived of his liberty due to his arrest,[6] he also does not respond to the Morgan County Defendants' argument and, therefore, waives this issue. Moreover, as discussed above, Mr. Owens' twenty-six traffic stops do not state a predicate constitutional violation for malicious prosecution against Sheriff Downey and Deputy Gabehart. Lastly, the Court is not persuaded by Mr. Owens' allegation that the Morgan County Sheriff's Department and Sheriff Downey violated his constitutional rights when his case was not referred to a neutral third party per department policy. He fails to sufficiently allege that a department policy existed and was violated, and to what extent such violation might constitute a procedural due process violation in connection with his criminal prosecution. Thus, the Court dismisses all of Mr. Owens' claims against the Morgan County Sheriff's Department.

e. Qualified Immunity

The Morgan County Defendants argue that they are entitled to qualified immunity for any malicious prosecution claim or any claim of false arrest under the Fourth Amendment. [Filing No. 37 at 22-23.] They allege that given the holdings of *Kelley*, 149 F.3d at 641 and *Bozdin*, 768 F.2d 722, the law is not clearly established regarding whether a law enforcement officer is required to make an independent determination of boundary lines before determining that probable cause exists to make an arrest for trespass. [Filing No. 37 at 22-23.]

In response, Mr. Owens argues that Sheriff Downey and Deputy Gabehart are not entitled to qualified immunity. [Filing No. 45 at 14.] He reiterates that each officer based his probable cause affidavit on the written statement of a single witness who was personal friends with Sheriff

---

[6] The Amended Complaint does not provide any context regarding Mr. Owens' arrest, other than he was "falsely arrested and charged." [Filing No. 33 at 18.]

Downey and had a personal grudge against Mr. Owens.  [Filing No. 45 at 15.]  Mr. Owens further alleges that Sheriff Downey was aware of the property line dispute between the Beaver Defendants and Mr. Owens and that he never spoke to Brieanna, but rather received her unsigned, written statement from Shelly.  [Filing No. 45 at 15.]

In reply, the Morgan County Defendants argue that there is no clearly established law that requires law enforcement to verify boundary lines of property, and that they are entitled to rely on the representations of the person claiming ownership of the property against the alleged trespasser.  [Filing No. 46 at 11.]  They further allege that Mr. Owens has not cited authority that allows a person who claims adverse possession of a property to roam freely on that property.  [Filing No. 46 at 12.]

"The doctrine of qualified immunity protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  To determine whether a defendant is entitled to qualified immunity, the Court must address two issues: "(1) whether the defendant violated the plaintiff's constitutional rights and (2) whether the right at issue was clearly established at the time of the violation."  *Rooni v. Biser*, 742 F.3d 737, 742 (7th Cir. 2014) (citations omitted).

The Court denies the Morgan County Defendants' claim for qualified immunity, which at the juncture is based solely on the allegations raised in Mr. Owens' complaint.  Their arguments essentially challenge Mr. Owens' factual allegations, particularly with the issue of probable cause, and therefore the Court cannot make a determination of qualified immunity at this stage of the litigation.  Moreover, "a[n amended] complaint is generally not dismissed under Rule 12(b)(6) on

qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (7th Cir. 2001); *see Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000) ("The plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity"); *See Hunafa v. Murphy*, 907 F.2d 46, 49 (7th Cir. 1990) ("The principle that the determination of immunity need not be made at the earliest opportunity if a fuller development of the record would be helpful to a sound decision is well established.").

### 2. *Conspiracy*

The Morgan County Defendants claim that the only agreement that Mr. Owens has alleged is that Sheriff Downey and Charlie agreed to speak with Mr. Owens about the trespass issue. [Filing No. 37 at 23.] They argue that Mr. Owens provides no allegations of an agreement between the Morgan County Defendants and that Mr. Owens has not presented a constitutional violation to provide a basis for a conspiracy claim.  [Filing No. 37 at 23.]

In response, Mr. Owens claims that he provides sufficient allegations of a civil conspiracy involving Sheriff Downey, Deputy Gabehart, and the Morgan County Sheriff's Department. [Filing No. 45 at 16-17.] He argues that Sheriff Downey is a personal friend of the Beaver Defendants and that Sheriff Downey was aware of the property line dispute between the Beaver Defendants and Mr. Owens.  [Filing No. 45 at 16.]  He further claims the Morgan County Defendants acted with an improper motive to help the Beaver Defendants and to intimidate Mr. Owens.  [Filing No. 45 at 16.]  Mr. Owens argues that even if he did not know of the conspiracy, Deputy Gabehart violated Mr. Owens' rights by charging him with additional criminal charges without probable cause.  [Filing No. 45 at 17.]  He also argues that the deputies of the Morgan County Sheriff's Department violated Mr. Owens' clearly established rights by pulling him over twenty-six times in order to intimidate him before trial.  [Filing No. 45 at 17.]

The Morgan County Defendants do not reply to Mr. Owens' arguments.

Conspiracy is not an independent basis of liability. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). "In a [§ 1983] case[,] . . . the function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). To adequately plead a conspiracy under § 1983, a plaintiff must show that a defendant voluntarily participated in a common venture to violate a plaintiff's constitutional rights. *Id.*

The Court agrees with Mr. Owens that he sufficiently pleads a civil conspiracy involving Sheriff Downey, Deputy Gabehart, and the Beaver Defendants.[7] "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant[s] ha[ve] notice of what [they are] charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). First, the Court already established that Mr. Owens sufficiently alleges that Sheriff Downey and Deputy Gabehart violated his constitutional rights. Second, Mr. Owens sufficiently pleads that Sheriff Downey and the Beaver Defendants, who have a personal relationship, conspired together to seek and pursue trespass charges against Mr. Owens. Mr. Owens alleges that Sheriff Downey was aware of the Beaver Defendants' animosity toward Mr. Owens, and that under the direction of the Beaver Defendants, Sheriff Downey confronted Mr. Owens about his trespass and then filed a probable cause affidavit to pursue trespass charges against Mr. Owens. Additionally, Mr. Owens sufficiently alleges that, at the very least, Deputy Gabehart, who works under the direction of Sheriff Downey, relied on Charlie's testimony and Chuck's written statement to pursue additional charges of trespass against Mr. Owens. The Court,

---

[7] The Beaver Defendants' arguments challenging Mr. Owens' conspiracy claim are addressed later in the decision.

however, dismisses the conspiracy claim against the Morgan County Sheriff's Department because, as discussed earlier, Mr. Owens fails to plead that the Morgan County Sheriff's Department violated Mr. Owens' constitutional rights.

### 3. Timely Notice and Immunity Provisions under the ITCA

The Morgan County Defendants argue that Mr. Owens' state law claims for false arrest, abuse of process, and intentional infliction of emotional distress are barred because he failed to provide timely notice of the tort claims as required by the ITCA.   [Filing No. 37 at 25.] Additionally, the Morgan County Defendants argue that under the ITCA, Sheriff Downey and Deputy Gabehart are immune from liability from Mr. Owens' state law claims of malicious prosecution, false arrest, abuse of process, and intentional infliction of emotional distress.  [Filing No. 37 at 26-27.]  .

Mr. Owens does not respond to the Morgan County Defendants' arguments.

In reply, the Morgan County Defendants reiterate that the Court should dismiss Mr. Owens' state law claims for the aforementioned reasons.  [Filing No. 46 at 12.]

By failing to respond, Mr. Owens is deemed to have waived the arguments on these issues and the Court dismisses Mr. Owens' state law claims against the Morgan County Defendants. *Goodpaster v. City of Indianapolis,* 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because [the plaintiffs] did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived."); *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *Bratton v. Roadway Package Sys., Inc.,* 77 F.3d 168, 173 n. 1 (7th Cir. 1996) (argument waived where appellants "failed to develop the argument in any meaningful manner").  The Court therefore dismisses Mr. Owens's state law claims against the Morgan County Defendants.

**B. The Beaver Defendants**

The Beaver Defendants challenge Mr. Owens' conspiracy claim and state law claims. First, they argue that Mr. Owens does not adequately plead a conspiracy claim. Second, the Beaver Defendants argue that Mr. Owens does not plead claims for intentional or reckless infliction of emotional distress, malicious prosecution, false arrest, or abuse of process.

*1. Conspiracy*

The Beaver Defendants argue that Mr. Owens does not plead facts that show an agreement involving all the defendants. [Filing No. 42 at 8.]  They contend that the only agreement Mr. Owens alleges is that Sheriff Downey and Charlie agreed to discuss the trespass issue with Mr. Owens. [Filing No. 42 at 8.]  They further claim that there was no constitutional violation to provide a basis for a conspiracy claim. [Filing No. 42 at 8.]

In his response, Mr. Owens claims that he sufficiently alleges that the Beaver Defendants were involved in a conspiracy with the Morgan County Defendants. [Filing No. 45 at 16-17.] Mr. Owens argues that Sheriff Downey is a personal friend of the Beaver Defendants and that Sheriff Downey was aware of the property line dispute between the Beaver Defendants and Mr. Owens. [Filing No. 45 at 16.]  He claims that the Morgan County Defendants acted with an improper motive to help the Beaver Defendants settle a longstanding civil dispute with Mr. Owens. [Filing No. 45 at 16.]

The Beaver Defendants did not file a reply brief.

"[P]rivate citizens may be brought within the grasp of section 1983 even though the statute is limited to acts under color of state law. . . [where] the citizen[s] may have conspired with a public employee to deprive the plaintiff of his constitutional rights." *Proffitt v. Ridgway*, 279 F.3d

503, 507 (7th Cir. 2002) (citations omitted).  As a conspirator, a citizen is liable for the wrongful

acts of the other conspirators committed within the scope of the conspiracy.  *Id.*

The Court agrees with Mr. Owens that he provides sufficient allegations that the Beaver

Defendants were also involved in a civil conspiracy against Mr. Owens.  First, the Court has

already determined that Mr. Owens sufficiently alleges that Sheriff Downey and Deputy Gabehart

violated Mr. Owens' constitutional rights.  Second, Mr. Owens sufficiently pleads that the Beaver

Defendants conspired with Sheriff Downey and Deputy Gabehart by falsely accusing Mr. Owens

of trespassing on their property to pursue criminal charges against him.  Charlie contacted Sheriff

Downey to accuse and confront Mr. Owens of trespassing the Disputed Property.  Shelly also

contacted Sheriff Downey to tell him that Brieanna witnessed Mr. Owens trespassing the property,

and she delivered Brieanna's written statement to Sheriff Downey.  Sheriff Downey's probable

cause affidavit was based on Brieanna's unsigned, written statement and once the trespass charges

were filed against Mr. Owens, Deputy Gabehart pursued additional charges of trespass based on

Charlie's testimony and Chuck's written statement.  The Court concludes that these allegations are

sufficient to indicate that the Beaver Defendants were involved in the civil conspiracy.

### *2. Intentional or Reckless Infliction of Emotional Distress*[8]

The Beaver Defendants argue that Mr. Owens does not have a claim for intentional or

reckless infliction of emotional distress because he provides no evidence that Mr. Owens

experienced direct physical impact nor any allegations that the Beaver Defendants caused

"intentional reckless" infliction of emotional distress.  [Filing No. 42 at 9.]

---

[8] The Beaver Defendants also argue that Mr. Owens does not plead facts to support a claim for
negligent infliction of emotional distress, but Mr. Owens does not raise this claim in the Amended
Complaint.  Thus, the Court will not address it.

In his response, Mr. Owens argues that a direct physical impact of the plaintiff is not an element of intentional or reckless infliction of emotional distress. [Filing No. 45 at 19.] He argues that the Beaver Defendants engaged in extreme and outrageous conduct by providing false reports and false statements to the Morgan County Sheriff's Department in order to pursue criminal charges against Mr. Owens prior to the tornado siren trial. [Filing No. 45 at 19.] Mr. Owens further claims that he alleged that the Beaver Defendants acted intentionally in causing false criminal charges to be brought against Mr. Owens, and intended their conduct to cause him severe emotional distress. [Filing No. 45 at 19.]

Again, the Beaver Defendants did not file a reply brief.

To establish a claim for intentional infliction of emotional distress, the plaintiff must prove that the defendants: (1) engaged in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another. *Westminster Presbyterian Church of Muncie v. Yonghong Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013) (citing *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991)). Indiana courts use a rigorous standard to establish extreme or outrageous conduct. *Westminster*, 992 N.E.2d at 870. Outrageous conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing *Bradley v. Hall*, 720 N.E.2d 747, 752-53 (Ind. Ct. App. 1999)).

The Court concludes that Mr. Owens sufficiently pleads a claim for intentional infliction of emotional distress. The Beaver Defendants' argument that Mr. Owens provides no evidence of direct physical impact is immaterial because not only is Mr. Owens not required to present evidence at the pleading stage, but a direct physical impact is not required for an intentional infliction of emotional distress claim. Mr. Owens sufficiently pleads that the Beaver Defendants

engaged in outrageous conduct by causing criminal charges of trespass to be instituted against Mr. Owens through cronyism with the Morgan County Defendants, and that such conduct caused him severe emotional distress.  The Court acknowledges, however, that extreme or outrageous conduct is a rigorous standard, and notes that it is not deciding this issue on the merits, but merely recognizing that Mr. Owens states a claim for relief at this stage of the litigation.

### 3.  State Law Claims of Malicious Prosecution, False Arrest, and Abuse of Process

The Beaver Defendants challenge all of Mr. Owens' state law claims.  They argue that the false arrest claim fails because they do not have the capacity or power to arrest Mr. Owens. Further, the Beaver Defendants argue that Mr. Owens has no claims for abuse of process or malicious prosecution, and that the only facts to substantiate such claims are those that allege that Charlie filed a complaint against Mr. Owens at the Morgan County Board of Zoning Appeals.

In response, Mr. Owens claims that he has sufficiently pled a malicious prosecution claim against the Beaver Defendants.  He argues that the Beaver Defendants caused the criminal prosecution to be initiated against Mr. Owens with their false statements, that they acted with malice, and that the cause of action terminated in Mr. Owens' favor.

Once again, the Beaver Defendants did not reply.

The essence of malicious prosecution rests on the notion that the plaintiff has been improperly subjected to legal process.  *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001); *Ziobron v. Crawford*, 667 N.E.2d 202, 208 (Ind. Ct. App. 1996).  Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor."  *Welton*, 770 F.3d at 674; (citing *Buckland*, 557 F.3d at 462).

The Court finds that Mr. Owens sufficiently pleads a malicious prosecution claim against the Beaver Defendants.  Additionally, the Court dismisses Mr. Owens' claims for abuse of process and false arrest against the Beaver Defendants.[9]   As discussed in detail above, Mr. Owens sufficiently alleges that the Beaver Defendants along with Sheriff Downey and Deputy Gabehart caused criminal charges of trespass to be instituted against Mr. Owens.  Mr. Owens alleges the requisite malice by describing the Beaver Defendants' history of animosity against Mr. Owens and their false allegations that Mr. Owens trespassed their property.  Regarding the probable cause element, the Court concluded earlier that Mr. Owens sufficiently alleges that there was no probable cause to pursue criminal charges of trespass against Mr. Owens.  Lastly, Mr. Owens was successful when he was acquitted of all charges at the end of his criminal trial.  Thus, Mr. Owens' state law claim for malicious prosecution against the Beaver Defendants proceeds.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** the Morgan County Defendants' and the Beaver Defendants' Motions to Dismiss Mr. Owens' Amended Complaint.  No partial judgment shall issue at this time.

The Court makes the following rulings:

- Plaintiff's § 1983 claim for federal malicious prosecution based on a Fourth Amendment violation for being deprived of the use of his property against Sheriff Downey and Deputy Gabehart may proceed;

---

[9] In his response, Mr. Owens raises no arguments pertaining to the abuse of process or false arrest claims and merely states: "For the foregoing reasons, [Mr.] Owens' *Amended Complaint* has alleged sufficient facts to establish the basis of a claim for malicious prosecution against the Beaver Defendants." [Filing No. 45 at 20 (original emphasis).]  This statement is insufficient to raise any argument in opposition to the Defendants' motion.

· Plaintiff's § 1983 claim for federal malicious prosecution based on a Fourteenth Amendment violation for withholding exculpatory evidence against Sheriff Downey and Deputy Gabehart may proceed;

· Plaintiff's civil conspiracy claim against Sheriff Downey, Deputy Gabehart, and the Beaver Defendants may proceed;

· Plaintiff's state law claim for intentional infliction of emotional distress against the Beaver Defendants may proceed;

· Plaintiff's state law claim for malicious prosecution against the Beaver Defendants may proceed;

· Plaintiff's claim based upon being pulled over twenty-six times as part of his § 1983 claim for federal malicious prosecution against Sheriff Downey and Deputy Gabehart is dismissed;

· Plaintiff's claim that the Morgan County Defendants violated department policy as part of his § 1983 claim for federal malicious prosecution is dismissed;

· Morgan County Defendants' request for qualified immunity is denied without prejudice;

· Plaintiff's state law claims for intentional infliction of emotional distress, malicious prosecution, abuse of process, and false arrest against Sheriff Downey and Deputy Gabehart are dismissed;

· Plaintiff's state law claims for abuse of process and false arrest against the Beaver Defendants are dismissed; and

· Norman Voyles, Morgan County, and the Morgan County Sheriff's Department are terminated as a defendants.

Date: December 15, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Glen Emmett Koch, II
BOREN OLIVER & COFFEY
glenkoch@boclawyers.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

Matthew S. Schoettmer
VAN VALER LAW FIRM, LLP
matt@vanvalerlaw.com

Thomas W. Vander Luitgaren
VAN VALER LAW FIRM, LLP
tom@vanvalerlaw.com