UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL W. OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00776-JMS-DML |
| | ) | |
| ROBERT J. DOWNEY, | ) | |
| BRIAN K GABEHART, | ) | |
| CHARLES E BEAVER, | ) | |
| SHELLY BEAVER, | ) | |
| CHARLES W BEAVER, | ) | |
| BRIEANNA BEAVER, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY**

This matter is before the Court on Plaintiff Daniel Owens's Motion to Amend Judgment. [Filing No. 103.] Mr. Owens filed this lawsuit alleging constitutional and state law claims after he was tried for and acquitted of criminal trespass. [*See* Filing No. 33.] On May 26, 2017, the Court granted summary judgment for Sheriff Robert Downey and Deputy Brian Gabehart (collectively, the "Government Defendants") on Mr. Owens's constitutional claims and denied the Beaver Defendants'[1] motion for summary judgment on Mr. Owens's state law claims. [Filing No. 93.] On August 3, 2017, the Court *sua sponte* reconsidered its decision to retain supplemental jurisdiction over Mr. Owens's state law claims against the Beaver Defendants, dismissed those claims without prejudice, [Filing No. 101], and entered final judgment in favor of the Government Defendants, [Filing No. 102]. On August 31, 2017, Mr. Owens filed his Motion to Amend, arguing

---

[1] The Beaver Defendants include Charles E. Beaver, Shelly Beaver, Charles W. Beaver, and Brieanna Beaver.

1

that the Court's grant of summary judgment for the Government Defendants was in error. [Filing No. 103.] For the following reasons, the Court **DENIES** Mr. Owens's Motion.

# I.
## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move to "alter or amend a judgment" within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (internal quotation omitted). Nor may a party use Rule 59(e) to "rehash previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (internal quotation omitted). Rather, the Court, in its discretion, may grant a Rule 59(e) motion only where the movant "'clearly establish[es]' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)).

# II.
## DISCUSSION

The relevant facts were recited in detail in the Court's summary judgment order, [Filing No. 93 at 3-11], and need not be fully repeated here. Facts pertinent to Mr. Owens's arguments are included below as appropriate.

Mr. Owens challenges the Court's summary judgment order on multiple grounds, arguing that the Court erred in determining that Deputy Gabehart had probable cause to file criminal trespass charges; finding that Mr. Owens waived any argument that he suffered a constitutional

deprivation of liberty; and determining that Sheriff Downey cannot be held liable for the pretrial order which prohibited Mr. Owens from accessing the disputed land. The Court addresses each issue in turn, keeping in mind the strict standard imposed by Rule 59(e).

**A. Probable Cause for Deputy Gabehart**

Mr. Owens first argues that the Court incorrectly assumed that Deputy Gabehart had not consulted Deputy Hoffman's investigation narrative and incorrectly concluded that there was no evidence that Deputy Gabehart was aware of the dispute between the Beaver Defendants and Mr. Owens. Mr. Owens directs the Court back to evidence that he cited in his summary judgment brief—specifically, Deputy Gabehart's probable cause affidavit, in which Deputy Gabehart averred:

> In doing some research through the computer system, there have been several calls in reference to him mowing a patch of grass located on Mr. Beaver's property. They have had some on going [sic] law enforcement issues. . . . Mr. Owens continues to mow approximately 4-6' of Mr. Beaver's hay field, in which he just mowed, and he is currently being displaced approximately a swath of hay in which he uses to feed his livestock. [sic] . . . Mr. Owens continues to, on a weekly basis, mow on the property line and over into Mr. Beaver's hay field.

[Filing No. 73-17 at 3-4; *see* Filing No. 104 at 12 (quoting affidavit).] Mr. Owens argues that Deputy Gabehart lacked probable cause due to his failure to further investigate the Beaver Defendants' allegations despite having knowledge of the property dispute.

Deputy Gabehart responds that the Court's earlier conclusion regarding probable cause was correct and that Deputy Gabehart was not required to conduct any further investigation.

In the Court's Order on summary judgment, the Court held:

Unlike Sheriff Downey, Deputy Gabehart had no history or relationship with the Beaver Defendants. Nothing in the record establishes that Deputy Gabehart was in fact aware that there was a dispute between the Beaver Defendants and Mr. Owens regarding who owned the property before he became involved in the investigation. Mr. Owens' argument that Deputy Gabehart likely read Deputy Hoffman's Investigative Narrative regarding the property dispute from 2010 because he had

3

access to the Sheriff Department's in-house computer system is entirely speculative. There simply is no evidence that demonstrates that Deputy Gabehart actually knew of or read the report or was aware of the contentious dispute between the Beaver Defendants and Mr. Owens. Nothing in the record raises any questions regarding whether Deputy Gabehart lied, concealed information, or colluded with the Beaver Defendants.

[Filing No. 93 at 19.]

As the Court explained in its Order on summary judgment, "[t]he issue is whether, given the presumption of probable cause arising from the trial court's finding, Mr. Owens has demonstrated that probable cause was induced 'by false testimony, fraud, or other improper means, such as the defendant withholding material facts.'" [Filing No. 93 at 17 (quoting *Glass v. Trump Ind., Inc.*, 802 N.E.2d 461, 467 (Ind. Ct. App. 2004)).] A "showing of negligent failure to investigate thoroughly" is insufficient as a matter of law to maintain a malicious prosecution claim in the face of a judicial determination of probable cause. *Glass*, 461 N.E.2d at 467; *cf., e.g.*, *Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003) (applying constitutional probable cause standard and concluding that, "in crediting the complaint of a reasonably believable witness or putative victim, the police are under no constitutional obligation to exclude all suggestions that the witness or victim is not telling the truth"); *Spiegel v. Cortese*, 196 F.3d 717, 724-25 (7th Cir. 1999) (applying constitutional probable cause standard and holding that evidence of a "lengthy and ongoing dispute" between two parties leading to a victim's report of wrongdoing does not automatically require law enforcement to "conduct an incredibly detailed investigation at the probable cause stage").

The Court's earlier finding of a genuine issue of material fact concerning probable cause for Sheriff Downey's affidavit centered on his "knowledge about the property line dispute and his friendship with the Beaver[] Defendants that could lead a jury to conclude that he failed to disclose material information." [Filing No. 93 at 19.] Unlike with Sheriff Downey, the undisputed

evidence shows that Deputy Gabehart had no prior history with the Beavers, was not friends with the Beavers, and did not witness any interactions between Mr. Owens and the Beavers. Sheriff Downey may have lacked probable cause because he failed to disclose this additional information; Deputy Gabehart had no such information to disclose. In short, Mr. Owens has only identified evidence suggesting that Deputy Gabehart may have been negligent in failing to further investigate the information he received from Chuck Beaver. This is insufficient to overcome the judicial determination of probable cause under Indiana law.

Finally, the Court summarily rejects Mr. Owens's contention that the issue of probable cause must always be reserved for the jury as inconsistent with Federal Rule of Civil Procedure 56 and binding case law. Fed. R. Civ. P. 56; *Howlett v. Hack*, 794 F.3d 721, 727 (7th Cir. 2015) (affirming grant of summary judgment on malicious prosecution claim for failure to demonstrate genuine issue of material fact as to presence of probable cause). Mr. Owens has failed to identify any manifest error of law or fact as to the issue of probable cause for Deputy Gabehart. The Court therefore **DENIES** Mr. Owens's Motion on this issue.

## B. Deprivation of Liberty

Mr. Owens next argues that the Court erred in finding that Mr. Owens waived any argument that his approximately 40 minutes in jail after voluntarily surrendering constitutes a compensable deprivation of liberty caused by Deputy Gabehart.[2] Additionally, Mr. Owens argues that even if he did waive the argument, Deputy Gabehart has not established that he is entitled to judgment as

---

[2] Mr. Owens also dedicates several pages to arguing that he adequately pleaded a deprivation of liberty, discussing the federal pleading standards at length. [Filing No. 104 at 16-18.] Of course, on summary judgment the Court looks not to the parties' pleadings but instead must consider the proffered evidence to determine whether a trial is required to resolve genuine issues of material facts. Fed. R. Civ. P. 56; *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014). Whether Mr. Owens sufficiently pleaded a deprivation of liberty is therefore beside the point.

a matter of law. Mr. Owens cites to a bevy of cases that he contends supports his position. As the Court has already determined that Deputy Gabehart had probable cause to issue his probable cause affidavit, the Court addresses this argument solely for completeness.[3]

In response, Deputy Gabehart argues that the Court's waiver determination was correct and that summary judgment was proper.

Mr. Owens reiterates his arguments in reply.

First, Mr. Owens makes no effort to explain how the Court's failure to address arguments not raised could meet the Rule 59(e) standard for a motion to amend a judgment.

Second, Mr. Owens did in fact waive the argument that approximately 40 minutes in jail constitutes a sufficient deprivation of liberty. Mr. Owens failed to respond to the authority cited by Deputy Gabehart. Baldly stating that Mr. Owens was "deprived of his liberty when he was placed in a jail cell," [Filing No. 84 at 12], does not amount to a developed argument, and "perfunctory and undeveloped arguments are waived." *United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016); *see also* [Filing No. 84 at 33 (stating that Defendants deprived Mr. Owens of his "liberty when he was confined to a jail cell during the booking process")].

Finally, the deprivation required to sustain a malicious prosecution claim is far from settled. *See, e.g.*, *Wilson v. City of Chi.*, 2017 WL 4682738, at *3 (N.D. Ill. 2017) (collecting cases and questioning whether federal malicious prosecution claims are available in the wake of *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), which held that plaintiffs may pursue Fourth Amendment claims for post-process detention); *Jackson v. City of Peoria*, 2017 WL 1224526, at *9 (C.D. Ill.

---

[3] In his reply brief, Mr. Owens explains that his Motion asks the Court to reinstate his deprivation of liberty claim against Deputy Gabehart and his unreasonable seizure claim against Sheriff Downey. [Filing No. 108 at 8.]

6

2017) ("[A] plaintiff in the Seventh Circuit can likely allege a Fourth Amendment malicious prosecution/post-arrest pretrial detention claim if defendant (1) caused (2) a *prolonged seizure* of the plaintiff . . . ." (emphasis added)); *see also, e.g.*, *Cairel v. Alderden*, 821 F.3d 823, 831 (7th Cir. 2016) (affirming summary judgment on fabrication of evidence claim where plaintiffs did not suffer "deprivation of liberty" after being "quickly released on bond following their arrests"). Mr. Owens seems to suggest that a lesser deprivation of liberty is required to sustain a malicious prosecution claim than is required for a fabrication of evidence claim, such as *Cairel*. This is a contestable legal argument that should have been raised on summary judgment so that it could have been fully explored by the parties. "The federal courts will not invent legal arguments for litigants," *Stransky v. Cummings Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995), and the Court's refusal to do so on summary judgment does not give rise to a manifest error of law or fact. The Court therefore **DENIES** Mr. Owens's Motion to Amend to the extent he asks the Court to reconsider the grant of summary judgment to Deputy Gabehart.

### C. Unreasonable Seizure

Finally, Mr. Owens argues that the Court erred in granting summary judgment for Sheriff Downey as not being responsible for the pretrial release condition that prohibited Mr. Owens from accessing the disputed strip of land (the "Pretrial Order"). Mr. Owens argues that the evidence shows that Officer Downey set the events in motion leading to the Pretrial Order while subjectively attempting to deprive Mr. Owens of access to his property. Mr. Owens argues that the resulting Pretrial Order was a foreseeable result of Sheriff Downey's probable cause affidavit, such that the independent judicial determination and hearing at which the condition was imposed did not break the causal chain.

In response, Sheriff Downey maintains that Mr. Owens's arguments come too late and should have been raised in his summary judgment brief. Sheriff Downey argues that the Court correctly determined that the adversarial hearing at which the pretrial restriction was imposed provided adequate due process protections to Mr. Owens and was not influenced in any way by Sheriff Downey's alleged actions.

In reply, Mr. Owens advances a new claim of error, arguing that the Court erroneously applied due process standards to Mr. Owens's Fourth Amendment unreasonable seizure claim. Mr. Owens concludes by again arguing that a genuine issue of material fact exists as to whether Sheriff Downey caused the Pretrial Order to issue.

In the parties' summary judgment briefing, Sheriff Downey argued that Mr. Owens's Fourth Amendment claim failed because Special Prosecutor Brown moved for the Pretrial Order without any involvement from Sheriff Downey. Sheriff Downey pointed to evidence showing that he did not know about Special Prosecutor Brown's actions.

In his response to Sheriff Downey's summary judgment brief, Mr. Owens argued that Sheriff Downey spoke to Prosecutor Sonnega (who did not try Mr. Owens's case) about restricting Mr. Owens from accessing the disputed land and actually intended for Mr. Owens to be so restricted. Mr. Owens also argued, without any citation to or discussion of case law, that "Sheriff Downey set the stage" for the Pretrial Order, which was ultimately issued by the state court judge upon the motion of Special Prosecutor Brown.

In the Court's Order on summary judgment, the Court held as follows:

> The state court orders restricting Mr. Owens from the property in dispute disconnects Sheriff Downey from the equation. The Court acknowledges that Mr. Owens has set forth facts in dispute that Sheriff Downey, motivated by his friendship with the Beaver Defendants, became involved with the investigation of Mr. Owens' trespass and that he omitted material information from the Probable Cause Affidavit. He also demonstrates that Sheriff Downey spoke with Prosecutor

> Sonnega about where to file charges in order to file a motion for a protective order to prohibit Mr. Owens from entering the property in dispute. While this demonstrates that Sheriff Downey encouraged that a restriction be imposed, it does not demonstrate that he restricted Mr. Owens from using the property in dispute. The state court provided Mr. Owens with due process by holding a hearing on July 25, 2013 to discuss "various issues raised by motions filed by both parties affecting the real property of the complaining witness," and both Mr. Owens and his attorney were present. During that time, Mr. Owens had the opportunity to present arguments challenging any restriction being imposed on his property, and once the court issued the decision, Mr. Owens could have exhausted his remedies (and perhaps did) by seeking an interlocutory appeal. In other words, it was not Mr. Owens' Probable Cause Affidavit or his discussion with Prosecutor Sonnega that imposed the restriction on Mr. Owens – although those actions set the procedure in motion. It was the separate state court order, following a hearing that did so. Accordingly, the Court grants the Government Defendants' motion for summary judgment to the extent that Mr. Owens failed to demonstrate that Sheriff Downey deprived him of the use of his property.

[Filing No. 93 at 25-26 (citations and footnotes omitted).]

From the outset, the Court rejects Mr. Owens's newly-raised argument on reply that the Court erroneously evaluated his Fourth Amendment claim under the Fourteenth Amendment. To the contrary, the Court observed only that the due process Mr. Owens received in the state court cut off the chain of causation between Sheriff Downey's conduct and the Pretrial Order. This is because liability under § 1983 is limited to those who "subject[]" a person or "cause[ a person] to be subjected" to the deprivation of constitutional rights. 42 U.S.C. § 1983. A plaintiff may succeed only against defendants who are "personally responsible for the deprivation of the right at the root" of the plaintiff's claim. *Backes v. Vill. Of Peoria Heights*, 662 F.3d 866, 869 (7th Cir. 2011). A defendant is personally responsible only if the defendant proximately caused the particular deprivation, borrowing the concept of proximate cause from tort law. *Whitlock v. Brueggemann*, 682 F.3d 567, 582-83 (7th Cir. 2012) (citing *Monroe v. Paper*, 365 U.S. 167, 187 (1961)). "Causation requires us to analyze the relation between an official's conduct and a resulting injury; when, where, and exactly how that injury occurs is part of the proximate cause question." *Id.* at

9

583. The actions of a third party may intervene and break the causal connection between the defendant's initial actions and the resulting deprivation of liberty. *Id.* at 583-84.

In response to Sheriff Downey's argument on summary judgment that he was not personally responsible for the state court judge's Pretrial Order, Mr. Owens argued only that Sheriff Downey "set the stage" for Special Prosecutor Brown's motion "prior to any charges ever being filed." [Filing No. 74 at 12.] While facing plausible arguments that the due process provided in state court cut off any liability that Sheriff Downey may have faced, Mr. Owens offered no analysis of the "when, where, and exactly how" his alleged injury occurred and instead asked the Court to adopt his *ipse dixit* as its holding. In contrast, Mr. Owens now offers citations to, and a multipage analysis of, case law discussing the application of proximate causation to § 1983 cases. Mr. Owens's new arguments, while interesting, come too late. Had Mr. Owens proffered these arguments at summary judgment, Sheriff Downey would have had a fair opportunity to respond. Instead, Mr. Owens asks the Court for a do-over, a chance to advance long-available arguments that implicate issues directly raised by Sheriff Downey on summary judgment. A motion to amend "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (internal quotation omitted). The Court therefore **DENIES** Mr. Owens's Motion to Amend to the extent he asks the Court to reconsider the grant of summary judgment to Sheriff Downey.

### III.
#### CONCLUSION

Mr. Owens's Motion to Amend Judgment seeks to rehash previously rejected arguments and to raise new arguments that should have been raised on summary judgment. These are not

appropriate bases for relief under Rule 59(e). The Court therefore **DENIES** Mr. Owens's Motion.

[Filing No. 103.]

Date: 10/30/2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**